PER CURIAM.
| iDenied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated at least three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral 12review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1024 ATTACHMENT
STATE OF LOUISIANA CRIMINAL DISTRICT COURT
VERSUS PARISH'OF ORLEANS, SEC. <eB”
WILLIE PRICE JR, CASE NO. 471-411
Post Conviction relief Judgment
denied.
Me. Willie Price Jr.’s application for Post Conviction Relief is denied, On June 24,2008, Mr. Price was convicted viajudge trial for a violation of Louisiana Revised Statute 14:(27)30.1, Attempted Second Degree Murder, and a violation of Louisiana Revised Statute 14:(27)65, Attempted Simple Robbery. On August 14, 2008, Mr. Price’s Motion for a New Trial was denied,
On August 25,2008, as to the-Attempted Second-Degree Murder conviction, the Court sentenced Mr. .Price to 40 years hard labor with the Department of Public Safety and Corrections, with, credit for time served, without benefit of parole, probation, or suspension of sentence. For the Attempted Simple' Robbery conviction, -the Court sentenced Mr. PrieB to three (3) years hard labor with the Department of Public Safety and Corrections, with credit for time served, without benefit of parole, probation, or suspension of sentence.
On that same day, as to Count 1, Mr. Price was deemed a Third .'Offender under Louisiana Revised Statute 1.5:529,1, Habitual Offender law. The Court-then vacated his previous sentence and sentenced .him to life imprisonment at hard labor, without benefit of parole; probation, or suspension of sentence.
On September 23, 2008, Criminal -District Court Section “B’-denied Mir. Price’s “Motion to Reconsider Sentence,” On November 4, 2009, .the Court of Appeal, Fourth Circuit affirmed Mr. Price’s conviction and remanded the case for the trial court tD rule on Mr. Price’s-oral “Motion to Reconsider Sentence.”[1]' On
*1025 Louisiana Code of Criminal Procedure Art. 930(8)(A), “Time limitations; exceptions; prejudicial delay” states:
No application for Post Conviction Relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922....
On July 27, 2012, the Louisiana Supreme Court affirmed Mr. Price’s conviction and sentence. Mr; Price filed his third application for Post Conviction Relief on April 28, 2015, three (3) years after his conviction and sentence became final. Thus, the two-year time period for filing a Post Conviction application has clearly expired, In addition, Mr. Price does not raise a new claim under Louisiana Criminal Code of Procedure Art. 903(8), which allows for out-of-time appeals under certain enumerated circumstances.
In addition, while Mr. Price asserts that the trial court failed to rule on his Motion to Reconsider, the Court record shows that Mr, Price’s Motion was in fact denied on September 23,2009 and again on December 14,2009. As such, this Court finds that Mr. Price’s claim has no merit
[[Image here]]
Based on the foregoing, this Court denies Mr. Price’s third applicationforPost Conviction Relief given that it is time barred and that the trial court did in fact properly rule on Mi-. Price’s “Motion to Reconsider Sentence.”
[[Image here]]
Page 3 oF3

 State v. Price, Not Reported in So.3d (2009).